IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| SEAN GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:17-CV-05260-BCW |
| | ) | |
| RJ SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Defendant Michael Jones' Motion for Summary Judgment (Doc. #31) and Defendant R.J. Smith's Motion for Summary Judgment (Doc. #34). The Court, being duly advised of the premises, in the absence of binding authority, denies said motion.

## BACKGROUND

Plaintiff Sean Gray alleges claims against municipal law enforcement officers R.J. Smith and Michael Jones, each in their respective individual capacities, for violation of his First and Fourteenth Amendment rights under 42 U.S.C. § 1983.[1]

Under the allegations of the complaint, on November 20, 2012, Smith, a police officer for the City of Diamond, Missouri, pulled Gray over for exceeding the speed limit. During this traffic stop, Smith unjustifiably ordered Gray out of his vehicle, and searched it, resulting in damage to Gray's property. No weapons, drugs, or contraband were located in the course of the search.

Smith also searched Gray's person during this traffic stop. In so doing, Smith pulled up on Gray's foot and ankle and injured Gray's hip. Smith and Jones also instructed Gray to lower his pants and underwear, resulting in the exposure of Gray's genitals on the public street. Smith and Jones took no precautions to protect Gray's privacy, such as conducting an alternative "reach in"

---

[1] Gray also alleges a claim for municipal liability under 42 U.S.C. § 1983 against the City of Diamond, Missouri. However, neither this claim (Count II), nor this defendant (the City) are at issue in the instant motions.

1

search, or obstructing the public's view. No weapons, drugs, or contraband were located in the course of the search of Gray's person.

## LEGAL STANDARD

A party is entitled to summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Rafos v. Outboard Marine Corp., 1 F.3d 707, 708 (8th Cir. 1993) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The moving party bears the burden to establish both the lack of any genuine issue of material fact and an entitlement to judgment as a matter of law. Celotex, 477 U.S. at 323. In applying this burden, the Court affords to the non-moving party the benefit of all reasonable factual inferences. Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp., 950 F.2d 566, 569 (8th Cir. 1991)).

## DISCUSSION

Smith and Jones, in their respective individual capacities, argue they are entitled to summary judgment because Gray's claims are barred by Mo. Rev. Stat. § 516.130(1), which provides for a three-year statute of limitations. In opposition, Gray asserts the summary judgment motions should be denied because his claims under § 1983 against both Smith and Jones are timely, based on the five-year limitations period applicable to personal injury actions in Missouri.

As an initial matter, there exists no dispute that Gray's claims accrued on November 20, 2012, and the above-captioned matter was filed on November 14, 2017. Thus, Smith and Jones are entitled to summary judgment only if § 516.130(1) applies to Gray's claims against them.

"An action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty . . . ." is subject to a three-year limitations period. Mo. Rev. Stat. § 516.130(1).

"The primary rule of statutory construction is to determine the intent of the legislature from the language of the statute." Howard v. SSM St. Charles Clinic Med. Grp., Inc., 364 S.W.3d 242, 244 (Mo. Ct. App. 2012) (citing SSM Health Care St. Louis v. Schenider, 229 S.W.3d 279, 281 (Mo. Ct. App. 2007). "A court gives effect to the legislature's intent, if possible, and considers the words on their plain and ordinary meaning." Id.

First, the Court must determine whether Smith and Jones are considered "other officer[s]" under § 516.030(1). A public office is the "right, authority, and duty created and conferred by law, by which . . . an individual is vested with some portion of the sovereign function of the government, to be exercised by him for the benefit of the public." Stewart v. City of Innsbrook, No. 4:16-CV-1748 JAR, 2017 WL 1540628, at *2 (E.D. Mo. Apr. 28, 2017). "A public official is a person elected or appointed to carry out some portion of a government's sovereign powers," such as "[t]he power to . . . enforce laws." Id. As municipal police officers, Smith and Jones are law enforcement, authorized to "carry out some portion of the sovereign function of the government . . . for the benefit of the public." Id. Therefore, Smith and Jones are "other officer[s]," as used in § 516.130(1).

Next, the Court must determine whether Gray's claims against Smith and Jones arise from acts done or omitted in the officers' official capacities. "The phrase 'act in an official capacity' means that a public servant is acting within the scope of what he or she is employed to do rather than being engaged in a personal frolic." Kinder v. Mo. Dep't of Corr., 43 S.W.3d 369, 373 (Mo. Ct. App. 2001). "The phrase is used to delineate between an action performed for work purposes rather than for personal ones." Id.

Gray alleges claims against Smith and Jones in their individual capacities, and not in their official capacities. "An action against an officer in his or her individual capacity does not fall within the parameters of Section 516.130." Gaulden v. City of Desloge, Mo., No. 4:07CV01637

ERW, 2009 WL 1035346, at *4 (E.D. Mo. Apr. 16, 2009) (citing Miller Cnty. v. Groves, 801 S.W.2d 777, 778-79 (Mo. Ct. App. 1991) (action brought against public official as an individual not barred by Section 516.130)). Consequently, although Gray's claims arise from Smith's and Jones's acts while they were working as police officers, Gray's claims against Smith and Jones arise from conduct outside of the scope of conduct permitted, authorized, or directed by law.

With all reasonable factual inferences drawn in Gray's favor, the Court finds Gray's claims against Smith and Jones in their individual capacities not barred by § 516.130(1). The Court concludes Gray's claims against Smith and Jones in their individual capacities are properly characterized as personal injury claims alleged under § 1983 and subject to the "state statute of limitations" for this type of claim. Wilson v. Garcia, 471 U.S. 361, 276 (1985). In Missouri, actions "for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated," must be brought within five years. Mo. Rev. Stat. § 516.120(4). Therefore, Gray's claims against Smith and Jones are timely filed on November 14, 2017. Accordingly, it is hereby

ORDERED Defendant Michael Jones' Motion for Summary Judgment (Doc. #31) is DENIED. It is further

ORDERED Defendant R.J. Smith's Motion for Summary Judgment (Doc. #34) is DENIED.

IT IS SO ORDERED.

DATE: December 18, 2018

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT