# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

SEAN GRAY,                )
                                )
          Plaintiff,      )
      v.                  )      No. 3:17-CV-05260-BCW
                                )
RJ SMITH, et al.,          )
                                )
         Defendants.    )

## ORDER

Before the Court is Defendant the City of Diamond, Missouri's Motion for Summary Judgment (Doc. #60). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

Plaintiff Sean Gray ("Plaintiff") alleges two claims under 42 U.S.C. § 1983 against Defendants RJ Smith, Michael Jones, and the City of Diamond, Missouri. Defendant Smith is a law enforcement officer employed by the City of Diamond. Defendant Jones is a law enforcement officer employed by the City. Defendant Jones is also the chief of police for the City. Plaintiffs' claims against Defendants stem from a traffic stop that occurred on November 20, 2012 in the City, during which Plaintiff alleges Smith and Jones violated Plaintiff's rights under the Fourth and Fourteenth Amendments.

In Count I, Plaintiff alleges Defendants Smith and Jones subjected Plaintiff to an unreasonable search of his person and used excessive force in violation Plaintiff's due process rights. In Count II, Plaintiff alleges the City and Jones, as police chief, violated Plaintiff's due process rights by demonstrating deliberate indifference to constitutional rights through the City's and Jones' failure to adequately supervise or train law enforcement officers.

1

In the motion before the Court, the City asserts it is entitled to summary judgment on Plaintiff's claims against for violation of § 1983 under a theory of municipal liability.

## LEGAL STANDARD

A party is entitled to summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Rafos v. Outboard Marine Corp., 1 F.3d 707, 708 (8th Cir. 1993) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The moving party bears the burden to establish both the lack of any genuine issue of material fact and an entitlement to judgment as a matter of law. Celotex, 477 U.S. at 323. In applying this burden, the Court affords to the non-moving party the benefit of all reasonable factual inferences. Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp., 950 F.2d 566, 569 (8th Cir. 1991)).

## UNCONTROVERTED FACTS

Defendants' statement of uncontroverted facts, to which Plaintiff filed a response (Docs. #77 & #78), states as follows:

At all times relevant to this suit, Jones was the chief of police for the City and Smith was a member of the City's police force. The City is a municipal corporation, organized and existing under Missouri law.

On November 20, 2012, Smith pulled Plaintiff over for speeding in the City. Plaintiff was driving 65 miles per hour through an area where the posted speed limit is 50 miles per hour. Exceeding the posted speed limit violates Mo. Rev. Stat. § 320.010.

Smith told Plaintiff he smelled marijuana coming from Plaintiff's vehicle. Possession or use of marijuana is unlawful under Mo. Rev. Stat. § 210.517. Plaintiff denied possession of marijuana at the time Smith pulled him over. Smith asked Plaintiff's permission to search the

vehicle. Plaintiff denied permission for the vehicle search. Smith then suggested he would call for a drug dog to perform a sniff around the vehicle. Plaintiff responded, "do what you've got to do."[1]

Plaintiff got out of the vehicle and, at Smith's request, began removing from the vehicle items to be searched. At some point, Jones arrived on the scene.

After the vehicle search, Smith searched Plaintiff's person. Plaintiff claims that the search of his person amounted to a strip search. Further, Plaintiff claims that, in order to search Plaintiff's sock, Smith lifted Plaintiff's leg five feet in the air, which resulted in two tears to the labrum cartilage of Plaintiff's right hip. At his deposition, Plaintiff testified he asserts additional injuries, including injuries to his hamstring and loss of consortium.

Through discovery, Plaintiff disclosed multiple medical records. According to these medical records, Plaintiff first complained of hip pain on November 1, 2012, before the incident with Smith, which occurred on November 20, 2012. The records also show Plaintiff saw doctors at least nine times in 2013 for hip pain, though in the course of those visits, Plaintiff denied any trauma to his hip on at least three occasions, and attributed his hip pain to his taekwondo practice at least once. On September 17, 2015, Plaintiff mentioned the November 20, 2012 incident to his doctors for the first time.

Plaintiff claims the conduct of Smith and Jones caused damages and permanent injury, including "humiliation, embarrassment, suffering, anguish and the horrific experience of being subjected to an invasive and humiliating strip and body cavity search . . . ." (Doc. #62). Plaintiff claims he is thus entitled to monetary relief.

Plaintiff did not timely designate any expert witness to provide testimony at trial about causation and the extent of Plaintiff's injuries.

---

[1] The City's statement of facts suggests Plaintiff voluntarily exited the vehicle; Plaintiff's response to summary judgment indicates "Smith would not take no for an answer and ordered Gray" out of the vehicle. (Doc. #77).

There is no indication in the record that the City or Jones ever received any complaints about Smith before November 20, 2012 relating to any improper or unconstitutional stop and/or search. Further, there is no indication about any policy implemented by the City or Jones for officers to publicly perform strip searches or warrantless vehicle searches without probable cause.

Additionally, the City did not ratify any policy that allowed its officers to engage in unlawful conduct. Plaintiff has no knowledge about the training or licensing requirements for Missouri police officers generally, or specifically about the training or policies used by the City's police force. Though Plaintiff claimed to have information about unconstitutional practices, he refused to disclose it during his deposition.

## DISCUSSION

The City argues there is no genuine issue of material fact and the City is entitled to judgment as a matter of law on Count II of Plaintiff's complaint. (Doc. #60). First, the City argues it is entitled to summary judgment based on Plaintiff's failure to timely designate any expert witness, such that Plaintiff cannot establish causation. Second, the City argues it is entitled to summary judgment because the record does not support a claim under § 1983 for municipal liability.

Title 42 U.S.C. § 1983 provides

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989) (citing Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658 (1978)). Section 1983 liability may

4

not arise against a municipality through respondeat superior or vicarious liability. <u>Id.</u> Section 1983 liability may arise against a municipality only if "execution of the government's policy or custom . . . inflicts the injury . . . ." <u>Id.</u>

"Municipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by city policymakers." <u>Szabla v. City of Brooklyn Park, Minn.</u>, 486 F.3d 385, 390 (8th Cir. 2007). This deliberate choice may arise in the form of an official policy, unofficial custom, or a deliberately indifferent failure to train or supervise. <u>Harris</u>, 489 U.S. at 388.

In this case, Plaintiff alleges the City did not adequately supervise or train its police officers such that the City was deliberately indifferent to the constitutional rights of citizens during traffic stops, vehicle searches, and/or strip searches. (Doc. #18). Under the uncontroverted facts, however, Plaintiff does not identify, and the record does not otherwise contain, any indication of an official City policy from which Plaintiff's allegations might arise. Moreover, the uncontroverted facts establish the City did not ratify any unconstitutional act by any officer, and the record does not suggest otherwise. To the contrary, Plaintiff's summary judgment response states "Smith and Jones acted beyond the scope of their authority . . . without the knowledge or approval of the City . . . ." (Doc. #77). Moreover, because it is uncontroverted that the City had no knowledge of repeated constitutional violations, municipal liability may not arise under a theory of deliberate indifference. <u>Szabla</u>, 486 F.3d at 392 (finding one-time incident insufficient to provide notice to the municipality for the need to additional training); <u>Liebe v. Norton</u>, 157 F.3d 574, 579 (8th Cir. 1998) (failure to train and failure to supervise ultimately involve the same analysis). For all of these reasons, there is no genuine issue of material fact that the City is entitled to summary judgment on Plaintiff's claim against it in Count II.

The Court thus grants the City's motion for summary judgment on the City's second point. The Court notes, however, even if § 1983 municipal liability could arise against the City under the circumstances of this case, Plaintiff's hip injury is of the type which would require expert witness testimony. Therefore, Plaintiff has not adduced evidence for causation on the merits of his § 1983 claim based on excessive force. Accordingly, it is hereby

ORDERED Defendant the City of Diamond, Missouri's Motion for Summary Judgment (Doc. #60) is GRANTED.

IT IS SO ORDERED.


DATE: <u>February 27, 2019</u>

<div style="margin-left:50%;">

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

</div>